*70 OPINION of the Court, by
Judge Logan
The first question proper to be determined in this cause is,' whether a deposition taken de bene esse upon an affidavit, made before the clerk of the court as to the materiality; of a witness about to depart from the state, can properly be read when a motion to exclude it has, been made ?
if on the tridepofition was excluded be-ca ufe of this oh. jeñíon to the dedmui, it might be good caufe of new trial if the party was furprifed by the objeSihn taken in the progress of the trial.
But to juftifjr this court in fecting afide the verdiét and awarding a new trial, the record ’fhould: ihew clearly chat the party was fur-prijed by die cbjeBion when it was too late to move for a continuance.
In detinue, if the jury fix a value upon the property, higher than the tef-timony would Warrant, it is no caufe for a new trial»
'j ‘ By an actftf ¾⅜¾⅝⅛ on this subject, it is provided ⅜⅞⅜ ⅛« When any witness is about to depart the country, &c. the court, upon affidavit thereof, óri a Certificate that an affidavit has been made to that effect, from airy justice of the peace, to the clerk of the court in which the suit is depending, a commission may be awarded for taking the deposition de bene esse.
. ¾⅜⅛ ⅜⅛⅞⅞⅛ is expressly requteed fe hé cértftiéd from a justice óf thé peace. We áre aware óf no IkW tvhich authorises the clerk to administer the óáth in vh* cátión. The court below, therefore, properly refused teé rekdin£ of the deposition.
This leads necessarily to anóteer question, Whether the case presents a proper gróund óf surprise ; and therefore entitled the defendant to a new trial upon a ihqteffi/to teat effect ?
“We aré of opinion that ⅛ does. The party might readily have expected the benefit of the deposition tapón the írital óf tíre catase. It áppeárs in other respects to have ¾⅛⅛ regularly taken, and the party to have done all that was necessary to its being admissible evidence. ■No objection appears to have been intimated that it was irregularly taken, until after the jury wére émpannélled. ¾⅛4 ⅛⅛ deposition shews that it would very probably ave been material to the defence of the defendant.
a rehearing, the following opinion was delivered ⅛ the 29th of May, by Judge Owsiey :
' The judgment in Ais case Upon a former hearing was Reversed by the opinion of this court, in consequence of ^.supposed error in the court below1, in not awarding a fie w trial on the gi ounds of surprise.
tJpon farther consideration we aré, however,' Of opita-%ft that tire ground of surprise upon which this court teen went is riot so manifested by the record as will teuthórige a reversal of the judgment of the court below, ft is true from the record it appears that on the trial in ¾1 court a deposition taken by the appellant was exclri-l from being used as evidence, arid it will not be de-8 but that it may have been excluded under circum-ces ⅜⅝⅞⅛⅜, if apparent upon “the récord, Would entt-ijm to a new trial on the grorind of surprise; as for exánime, if it Were excluded for an irregularity in the att-Íthenticátion, Which was teade known to the appellant ffir *vie érs^timq afterthe jury wériewprn ; in that 6asfe| if e deposition could agate betakápteé puVposestef jSs* *72 tice would require ⅞ new-trial should bé awarded, But it does not appear from any thing in the record of this case, that the surprise for which a new trial was asked in the court below grew out of the refusal of that court to admit the deposition as evidence before the jury ; ether Causes of surprise may have existed in the imagination of the appellant or Ills éounsel, and as there is nothing in the record fixing it, to the exclusion of the deposition, we cannot by any fair inference so apply it : for in fact, the appellant may not have been surprised, by the exceptions which were taken to the deposition ; he may have been apprised, before the trial, those exceptions would be taken, and if so, his afterwards going into trial with that knowledge would preclude him from obtaining a new trial on that ground.
As, therefore, no surprise in fact may have been produced on the appellant by the excl usion of his deposition, and as also it is not even alleged upon the record that he was surprised in consequence thereof, we can perceive nothing in the record which will justify us in directing a new trial on the ground of surprise,
The motion for a new trial wa„s, however, made in that court as well on the ground of the verdict being against evidence as on account of surprise. It becomes, therefore, necessary we should inquire whether a new trial should have been granted on that account. The verdict cannot be said to be against evidence, unless it.be because the jury have found the value of the negro for which the suit was brought, higher than the evidence warrants. In this respect it will he admitted the findings of the jury does not accord with what we think the clear import of the evidence. But we are not of opinion a new trial should for that cause have been awarded. This is an action of detinue, and although it formed part of the duty of the jury to assess the value of the negro, that value is not receivable but on the contingency of the negro not being restored. Whatever value may therefore have, been put upon the negro, the appellant by restoring the negro will evade the payment of that value. He is not, therefore, by the finding of an excessive value subjected to an inevitable injury; lie lias the means in his own power to prevent even the possibility of injury — he may restore the negro. When, therefore, he is presented in this attitude, and is found applying to the sound legal discretion of the court, by asking for a new trial, *73 ¾?0 ¿amiot suppose it should be granted to hind. Bid it appear the negro was déad, or from any other cause could not be restored, then as by an excessive valuation the appellant would be damaged, perhaps a new trial ought to be awarded 3 but as no suggestions of the kind are roade in the present case, they cannot be presumed to' exist, ,
Upon the whole, We think the court below correctly refused a new trial. — -Judgment affirmed with costs.